UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEE TRAVIS,

   Plaintiff,

v.               Case No. 21-cv-1398-pp

MILWAUKEE COUNTY, ELIZABETH A. LONGO,
JUDGE DAVID BOROWSKI, BARRY PHILLIPS,
ROS BARILLAS, and KATRYNA CHILDS RHODES,

   Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On December 8, 2021, Robert Lee Travis, who is incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves the motion and screens his complaint.

   This case previously was assigned to Magistrate Judge Stephen C. Dries. Because the court has not yet ordered the complaint to be served on the defendants, they don't know that the plaintiff has sued them, and they haven't had a chance to decide whether to consent to Judge Dries's authority to decide the case. The clerk's office reassigned the case to this district judge to consider whether to dismiss the case.

1

I. **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 8, 2022, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On December 15, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $70.92 by January 17, 2022. Dkt. No. 5. On January 10, 2022, the plaintiff filed a motion for an extension of time to pay the fee, dkt. no. 7, which the court granted, giving him until February 17, 2022, dkt. no. 8. On February 18, 2022, the plaintiff filed a second motion for extension of time to pay the fee, dkt. no. 9, which the court granted, giving him an extension until March 17, 2022, dkt. no. 10. the court received that fee on March 22, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

The PLRA applies to this case because the plaintiff was incarcerated at the time he filed the complaint. The PLRA requires courts to screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff alleges that he is being held in the "cruel & unusual classification of General Population Restricted (G.P.R) with no contact rights with family, friends or loved ones." Dkt. No. 1 at 2. He asserts that on several occasions during his confinement—including May 28, 2021 and June 29, 2021—he was not processed for a preliminary hearing in front of Commissioner R. Barillas or Judge David Borowski. Id. He asserts that Wisconsin law says that a preliminary hearing must take place within ten days of when the defendant is in custody. Id. at 2-3. The plaintiff asserts that the delay violated his due process rights and caused him "prolonged anxiety, pain and anguish by court personnel" who didn't care about his civil and due process rights and cared only about punishing him and increasing his hopelessness and getting an easier conviction. Id. at 3.

4

The plaintiff alleges that on September 30, 2021, in Judge Borowski's court, Assistant District Attorney Elizabeth Longo referred to him as a "ni--er" in open court, demeaning him and violating his civil rights and his right to a fair trial. Id.

The plaintiff says he wants the "guilty parties reprimanded." Id. He asks "for mistakes in ruling and due process/civil rights violations be corrected," for court costs and for his legal fees to be fully covered and for damages in the amount of $300,000. Id. at 4.

C. Analysis

The plaintiff has sued Milwaukee County, Assistant District Attorney Elizabeth A. Longo, Judge David Borowski, Court Commissioner Barry Phillips, Court Commissioner Rosa Barillas and Katryna Childs Rhodes. Id. at 1. The plaintiff has not described any violations committed by "Milwaukee County." Even if the plaintiff had made allegations against the county, the county cannot be held liable under §1983 unless the plaintiff alleges that the constitutional violations occurred as a result of a municipal policy, practice or custom. Glisson v. Indiana Dep't of Corrs., 849 F.3d 372, 379 (7th Cir. 2017) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978)).

Nor did the plaintiff assert any allegations against Commissioner Barry Phillips or Katryna Childs Rhodes. "For constitutional violations under § 1983, 'a government official "is only liable for his or her own misconduct."'" Taylor v.

5

Ways, 999 F.3d 478, 493 (7th Cir. 2021) (quoting Locke v. Haessig, 788 F.3d 662, 669 (7th Cir. 2015)). "[L]iability under § 1983 must be predicated upon personal responsibility." Brownlow v. Van Natta, 2 Fed. App'x 516, 518 (7th Cir. 2001) (citations omitted).

Because the plaintiff has made no specific allegations against defendants Milwaukee County, Phillips or Childs Rhodes, and because the plaintiff has made no municipal liability claims against Milwaukee County, the court will dismiss those defendants.

Judges have absolute immunity from suit "for any judicial actions unless the judge acted in the absence of all jurisdiction." Polizn v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). This means that the plaintiff may not proceed against Judge Borowski and Commissioner Barillas for actions they took as part of their jobs. Perhaps more to the point, the plaintiff did not make any specific claims against Borowski or Barillas. He says only that he was not processed for a preliminary hearing before either judge. He does not allege that Borowski or Barillas were the people who delayed his appearance or that they were responsible for the delay. The plaintiff has not stated a claim against Borowski or Barillas even if they were not immune from suit.

A prosecutor has absolute immunity from §1983 claims "for conduct that relates to [her] role as an advocate for the state." Olson v. Champaign Cty., Ill., 784 F.3d 1093, 1102 (7th Cir. 2015). Such immunity "turns on 'the nature of

6

the function performed, not the identity of the actor who performed it.'" Id. (quoting Forrester v. White, 484 U.S. 219, 229 (1988)).

The plaintiff alleges that ADA Longo referred to him by a racial slur in open court. There is no question that it would be irresponsible, unprofessional and bigoted for a prosecutor to use a racial slur in court against a defendant, and such conduct would *not* relate to her role as an advocate for the state. It sounds as if the plaintiff is alleging a "class-of-one" equal protection claim, arguing that he was singled out for different treatment for arbitrary and irrational purposes. Geinosky v. City of Chi., 675 F.3d 743, 747 (7th Cir. 2012). To state a "class-of-one" equal protection claim, the plaintiff must allege that he "was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (quoting Engquist v. Or. Dep't of Agric., 553 U.S. 491, 601 (2008)). The plaintiff has not alleged that ADA Longo treated him differently from others; he simply says that she referred to him using a racial slur.

The plaintiff also says that Longo violated his right to a fair trial, implicating his Fourteenth Amendment due process right. He does not explain, however, when Longo allegedly used the racial slur. He does not say who was in the courtroom—was it during a routine hearing or during a jury trial? (It seems unlikely it was during a jury trial because, as noted below, the plaintiff's jury trial is scheduled for July 2022.) Was she quoting someone else or was she directing her remark to the plaintiff? Does the plaintiff believe the remark led to

7

his unlawful conviction? (Again, the plaintiff has not yet been convicted, so this appears unlikely.) Did the judge allow him to address the offensive remark and respond to it? The plaintiff has not stated enough facts to assert a due process claim against Longo, even if she was not acting within her prosecutorial role when she made the remark.

There is another problem with the complaint: the claims are premature. Milwaukee County Circuit Court Case Nos. 2021CF1953 and 2021CF3288 remain pending. https://wcca.wicourts.gov/. Both cases are scheduled for a jury trial on July 18, 2022.

> . . . *Younger v. Harris*, 401 U.S. 37 . . . (1971) . . . holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. See *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). [The plaintiff's] claims of damages . . . met that description: they involve constitutional issues that may be litigated during the course of his criminal case, see *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1994); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). Deciding those issues in federal court could undermine the state court proceeding, see *Simpson*, 73 F.3d at 138.

Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013).

The plaintiff has sued people against whom he makes no allegations, people who are immune from suit and an entity against which he has made no recognizable claims. He has failed to allege sufficient facts to support any claims he might have otherwise had, and his federal civil rights lawsuit is premature because the criminal cases that give rise to his claims remain pending in state court. The court will dismiss the complaint.

8

### III. Conclusion

**THE COURT GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

**THE COURT ORDERS** this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

**THE COURT ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the **$279.08** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution must forward a copy of this order along with his remaining balance to the receiving institution

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a

party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**